## Sparrow *v.* Scranton Bolt and Nut Company, Appellant.

*Negligence—Master and servant—Dangerous machinery—Failure to guard—Death—Rolling mill—Unguarded spindles—Case for jury.*

In an action against a manufacturing company to recover damages for the death of plaintiff's husband, an employee of defendant, the case was for the jury and a verdict for the plaintiff will be sustained where there was evidence that it was decedent's duty to adjust the set screws in a rolling mill, that such work could only be done while the spindles were running, that the rolls were not running properly at the time, that plaintiff was seen to go into the pit beside the spindles with a set of wrenches and a torch in his hand a minute before the accident and that his body was then seen to pass through the spindles, which were unguarded.

Argued Feb. 24, 1916.   Appeal, No. 28, Jan. T., 1916, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1913, No. 299, on verdict for plaintiff, in case of Salome J. Sparrow v. Scranton Bolt and Nut Company. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ.   Affirmed.

Trespass to recover damages for the death of plaintiff's husband. On a motion for judgment for the defendant non obstante veredicto, SEARLE, P. J., specially presiding, filed an opinion in part as follows:

In this action the plaintiff seeks to recover damages sustained by reason of the death of her husband, William Sparrow, caused, as she alleges, by the negligence of the defendant in failing to observe the provisions of Section eleven, of the Act of 1905, which is as follows:

"All vats, pans, saws, planers, cogs, gearing, belting, shafting, set screws, grindstones, emery wheels, fly-wheels, and machinery of every description shall be properly guarded."

By undisputed evidence, it appears that on April 21, 1913, the plaintiff's husband, William Sparrow, was employed by the defendant in an industrial establishment in the City of Scranton as a boss roller, in charge of one of its rolling machines in said establishment.

The power was supplied to the rolls by three spindles. At either end of these spindles was a housing, and on the end next to the rolls the spindles were connected with the ends of the rolls, and around these connections were boxes, and from these ends the power was transmitted by the spindles to operate the rolls. The other end of the spindles was connected with pinions or cogs which transmitted from the engine the power which turned the spindles, and which in turn was transmitted from the spindles to the rolls. Nothing went through the spindles. They simply formed a shaft or connection between the operating gears and the rolls themselves. Upon this end of the spindles also were boxes, in order to balance the boxes upon the other side of the spindles, that is, upon the roller side of the spindles. In the housing were set screws to keep the rolls in proper adjustment, and these rolls were greased upon the spindle end. Below these spindles was a pit for the person operating the rolls to get into to enable him to adjust the set screws or to grease the rolls.

It is not disputed that on April 21, 1913, William Sparrow had stepped into the pit below these spindles and while adjusting the set screws or greasing the rolls or starting to do either one of these acts, was caught and drawn between these spindles and killed.    It is also not disputed that these spindles, at the time of the death of said William Sparrow, were not guarded.

Verdict for plaintiff for $12,350.00 and judgment thereon.    Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*David J. Reedy,* with him *Welles and Torrey* and *Frank R. Stocker,* for appellant.

*Ralph L. Levy* and *Joseph O'Brien,* for appellee, were not heard.

PER CURIAM, March 20, 1916:

This case was clearly for the jury.    The evidence, if believed by them, proved that it was the duty of the decedent to supervise the operation of the rolling mill; that one of his duties was to adjust the set screws which controlled the motion of the rolls; that the only proper way to adjust these screws was to work at them and adjust them while the rolls were in motion; that to work upon the screws it was necessary to step into the pit by the side of the spindles.    The evidence justified a finding that the rolls had not been properly running on the night of the accident; that the decedent worked on the southerly side of the rolls, adjusting the set screws; that he passed around the side of the rolling mill for the specific purpose of adjusting the set screws on the northerly side of the spindles; that at that time he had a set of wrenches and a torch in his hands; that the wrenches were the kind which he used in adjusting the set screws,

and that while doing that work he came to his death.   A prima facie case was thus made out by the plaintiff, and the jury were warranted in finding that the decedent came to his death while in the performance of his duties, and that it was brought about through the negligence of the defendant in failing to guard the machinery about which he was working.   This is but quoting the correct view of the learned court below in denying the defendant's motions for a new trial and for judgment non obstante veredicto.   Nothing in the assignments of error calls for a retrial of the case, and the judgment is, therefore, affirmed.